IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES WELLS,                    :

    Plaintiff,                :
vs.                                                CA 05-0271-C
                                  :
JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (*See* Doc. 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and

recommendation, and the oral arguments of the parties on January 11, 2006, it is determined that the Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to musculoskeletal impairments, back and leg pain, depression, and learning disorders. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.  The claimant possesses a combination of physical (e.g. musculoskeletal) impairments that impose more than minimal limitations on his ability to perform some basic work-related exertional activities. The claimant possesses no severe, functionally limiting mental impairments (20 C.F.R. §§ 404.1521 and 416.921).
>
> 4.  The claimant's impairments, when considered both individually and in combination, have not met or equaled the presumptively disabling medical criteria set forth in any particular section listed in Part A to Appendix 1, subpart P, Social Security Regulations No. 4, over any continuous period of 12 months, 1.e. Sections 1.01, et seq.
>
> 5.  The claimant's allegations of chronic, incapacitating pain in his lower back and pain, swelling, sensory loss, and muscle weakness in his legs cannot at all be considered credible. A vast disparity exists between the objectively demonstrable medical

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

evidence and the alleged intensity and persistence of such symptoms. There is a lack of documented reliable manifestations of a disabling loss of functional capacity during multiple physical examinations resulting from such symptoms. Multiple medical sources have repeatedly identified inconsistencies and exaggerated responses by the claimant with respect to the intensity of his symptoms and the extent of his functional limitations. The record does not establish that the claimant would experience symptoms in any significant severity, frequency, or duration during his regular and sustained performance of a full range of sedentary or reduced range of light physical exertion (20 C.F.R. §§ 404.1529 and 416.929-SSR 83-10).

6.     The claimant has possessed the residual functional capacity to perform a full range of the exertional and non-exertional requirements of sedentary work activity on a regular and sustained basis since April 2000. He also has possessed the ability to perform a reduced range of light work consistent with the restrictions outlined by treating physician Dr. Dean Mason in May 2003 (20 C.F.R. §§ 404.1545(a), 404.1567(a), 416.945(a), and 416.967(a)).

7.     The claimant has not been physically able since April 2000 to return to performing the physical demands of her (sic) past vocationally relevant work as a general laborer or maintenance man, as such work actually or is customarily performed in the national economy (20 C.F.R. §§ 404.1565 and 416.965-SSR 82-61). Vocational expert testimony supports the same conclusion.

8.     The claimant possesses a limited educational background and a history of working in unskilled and semiskilled employment to go along with the residual functional capacity set forth in Finding #6. He can make a successful vocational adjustment to significant numbers of jobs in the national economy with his physical impairments and individualized vocational characteristics (See Rules 201.24 and 202.17 of

>  Appendix 2 to Subpart P of Regulations No. 4 and the vocational expert testimony elicited at the supplemental hearing).
>
>  9.  The claimant has not been under a "disability" for any continuous period of 12 months, as defined in the Social Security Act, at any time relevant to the present decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(Tr. 36-37) The Appeals Council affirmed the ALJ's decision (Tr. 8-10) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform a full range of sedentary work and a reduced range of light work activity as identified by the vocational expert, is supported by substantial evidence.  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ improperly determined that he does not have a severe mental impairment.[2] The Court agrees with the plaintiff that the ALJ improperly determined that he does not have a severe mental impairment. In addition, the Court finds, in the first instance, that even if the ALJ did not err in failing to find a severe mental impairment, he

---

[2]  In his proposed report and recommendation, plaintiff also contended that the ALJ failed to perform the function-by-function analysis required by SSR 96-8p. (Doc. 15, at 7-8) During oral argument on January 11, 2006, however, plaintiff's counsel conceded that the ALJ properly performed the analysis required by SSR 96-8p and withdrew this issue from the Court's consideration.

nonetheless erred in failing to follow the proper procedure for evaluating plaintiff's "alleged" mental impairments.

Just last year, the Eleventh Circuit joined four of her sister circuits in holding that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions[]" and the "[f]ailure to do so requires remand." *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) (citations omitted). The Commissioner's regulations specifically provide that the PRTF or functional analysis contained therein must be done before an ALJ makes the determination about whether a mental impairment is severe or not severe. 20 C.F.R. § 404.1520a(d)(1) & (2) (2005) ("After we rate the degree of functional limitation resulting from your impairment(s), we will determine the severity of your mental impairment(s). (1) If we rate the degree of your limitation in the first three functional areas [activities of daily living; social functioning; and concentration, persistence, or pace] as 'none' or 'mild' and 'none' in the fourth area [episodes of decompensation], we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities .

Case 1:05-cv-00271-C   Document 22   Filed 01/23/06   Page 7 of 9

. . . (2) If your mental impairment(s) is severe, we will then determine if it meets or is equivalent in severity to a listed mental disorder.").

In this case, nowhere does the ALJ perform the functional analysis of plaintiff's depression and learning disorders that is required by the Commissioner's own regulations and *Moore, supra*,[3] because had he done so

---

[3] Instead, it appears that the ALJ chose to bypass this requirement by making the conclusory finding that plaintiff has no severe mental impairment and rejecting the one-time consultative psychological evaluation by Dr. Jake Epker. (Tr. 33)

> The claimant's **reported** adjustment disorder, depressive symptoms, and reading, mathematics, and written expression disorders (e.g. See Exhibit 18F) do not even represent severe functionally limiting mental impairments within the regulatory definition (20 C.F.R. §§ 404.1521 and 416.921). Mr. Wells does not truly predicate his disability upon the existence of disabling depressive or other mental health symptoms, and he reports no history of psychological treatment for intense and persistent symptoms. If he did possibly possess some kind of undiagnosed mental impairment, it is most reasonable to expect conservative treatment would be able to alleviate any adverse symptoms and functional consequences affecting social interaction, concentration, or cognitive functioning. I am not ignoring the one-time psychological evaluation by Jake Epker, Ph.D., in August 2002 (See Exhibit 18F). However, I choose to not assign the findings and diagnoses offered any significant evidentiary weight. In addition to the admitted lack of prior mental health treatment or even alleged disabling mental health impairments, his lowest IQ score was well above 80 and he can read and write to a functional extent consistent with his reported 7th to 8th grade educational background. The claimant's reported "learning disorder" never previously kept him from mentally functioning at a substantial gainful activity level over his 25+ year employment history. I find the estimated functional mental restrictions for the claimant wholly inconsistent with the overwhelming weight of the rest of the record. The gratuitous statement from Dr. Epker regarding the claimant's learning disorder being a "significant obstacle" to his independent mental functioning has no basis in fact whatsoever when viewing the claimant's established work history and daily activities.

(*Id.* (emphasis in original)) Nothing about this analysis comes close to the mode of analysis

7

he would necessarily have to contend with the mental residual functional capacity findings by Dr. Epker that Wells has had repeated episodes of decompensation in work or work-like settings and a moderate degree of difficulty in maintaining social functioning, among other limitations (Tr. 254; *see also* Tr. 255-256).[4] That remand is appropriate in this case is heightened by the ALJ's failure to find that plaintiff suffers from a severe mental impairment.[5] Accordingly, this case is remanded to the Commissioner of

---

required by the Commissioner's own regulations and *Moore, supra*. Moreover, the ALJ's complete rejection of Dr. Epker's diagnoses smacks of the ALJ improperly substituting his opinion for that of the examining psychologist. Accordingly, a remand is appropriate in this case.

[4]  Dr. Epker also noted that if plaintiff could not return to a manual labor job, his learning disorders would "serve as a significant obstacle to his ability to perform independently." (Tr. 256) The ALJ's rejection of this statement by Dr. Epker on the basis that same had "no basis in fact whatsoever when viewing the claimant's established work history and daily activities[,]" is disingenuous in light of the fact that plaintiff's past work history consisted of manual labor and nothing about his daily activities establishes that he would have no problem with non-manual work.

[5]  The ALJ's conclusion that plaintiff's depression and learning disorders are not severe impairments appears to lack support particularly when the wealth of information of record related to these diagnosed impairments (*see, e.g.*, Tr. 252-256, 470, 492 & 506) is compared to the minimal threshold showing required, *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected."). The fact that plaintiff has successfully performed manual labor jobs does not establish that he has no learning disorders nor does such evidence establish that Wells' learning disorders would have no impact upon his ability to perform work that does not fall within the manual labor category. Moreover, Dr. Epker's finding that plaintiff suffers from depression (*see* Tr. 252 & 254-256) is not all the evidence of record related to this impairment; instead, there is evidence from one of plaintiff's treating physicians, Dr. David Ross, from 2003 and 2004, that plaintiff has depression secondary to his severe arthritis for which he was being prescribed Zoloft (*see, e.g.,* Tr. 470 & 492). Dr. Ross' diagnosis and treatment are not discussed in the ALJ's opinion. (*See* Tr. 27-38)

Social Security for further proceedings not inconsistent with this decision.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying claimant benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 20th day of January, 2006.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**